UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MORGAN STANLEY DEAN WITTER & CO.,

                Plaintiff(s),

             -against-

BRIAN J. POWERS, and RACHEL DORFMAN
POWERS,

                Defendant(s).
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

CV 01-7389 (DRH)(WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

      This matter was referred to the undersigned for a determination of the damages to be

awarded on the entry of default judgment against defendants Brian J. Powers and Rachel

Dorfman Powers. The undersigned recommends that the plaintiff be awarded $50,000 in

damages plus interest, and the costs of the action pursuant to Federal Rule 54(d)(1).

## DISCUSSION

      Plaintiff Morgan Stanley Dean Witter & Co. ("Morgan Stanley") is a retail brokerage

house. In 2001, one of Morgan Stanley's customers, Thomas LoCascio, was induced to purchase

25,000 shares of "essentially worthless" stock in Pathfinder Business Resources, Inc. from

defendant Rachel Dorfman Powers. Amended Compl. at ¶ 1. To complete the transaction,

LoCascio wired $50,000 from his Morgan Stanley brokerage account to a bank account in the

name of defendant Brian J. Powers. *Id*. at ¶ 2. Morgan Stanley subsequently reimbursed

LoCascio for his loss and LoCascio in turn assigned his claims against defendants to Morgan

Stanley. *Id*. at ¶ 3.

      Morgan Stanley initially filed a complaint against Brian J. Powers, Nicola Liantonio, and

Maureen Ross. Default judgments were entered against Liantonio and Ross in May 2002. In July 2003, defendants Brian Powers and Rachel Dorfman Powers agreed to settle claims against them. The settlement payments were never made, however, and Morgan Stanley requested leave to amend its complaint. The request was granted, and the Amended Complaint was filed on April 22, 2005.

Neither Brian Powers nor Rachel Dorfman Powers answered the Amended Complaint despite it having been served upon them. They further failed to respond to the Motion for Entry of Default dated July 7, 2005. By order dated July 28, 2005, Judge Hurley entered a default judgment against both defendants and referred the matter to the undersigned for a report and recommendation on damages and attorneys' fees.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. Denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159.

Plaintiff seeks judgment in the amount of the wire transfer, $50,000, plus post-judgment interest. Plaintiff does not request attorneys' fees and, indeed, no legal or factual argument was

provided to support such an award. In support of its damages claim, plaintiff has provided the letter agreement between Rachel Dorfman and Thomas LoCascio regarding the purchase of the stock as well as the Outgoing Wire Transfer Request documenting the transfer of $50,000.00 from LoCascio's account at Morgan Stanley to Brian J. Powers. Amended Compl. at Ex.1, 2. The court finds this to be sufficient proof of damages, and recommends that the plaintiff be awarded $50,000 in damages plus interest, and the costs of the action pursuant to Federal Rule 54(d)(1).

## OBJECTIONS

A copy of the Report and Recommendation is being sent by the Court to the plaintiff on the date below by electronic filing. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
     May 15, 2006

                                   /s/ William D. Wall
                                   WILLIAM D. WALL
                                   United States Magistrate Judge